STATE OF MAINE                                    SUPERIOR COURT
                                                    CIVIL ACTION
YORK, ss.                                        DOCKET NO. AP-01-040
                                                 PAF  -YOR - 1/10/2002

JAMES POWERS,

                    Plaintiff
                                                        ORDER
        v.                                              AND
                                                      DECISION

TOWN OF KENNEBUNKPORT
and G.H. JOSHI and ANNE C. JOSHI,

                    Defendants


        This is an appeal from a decision of the Kennebunkport Zoning Board of

Appeals which affirmed the denial of a building permit by the Code Enforcement

Officer. A brief history of this parcel, the Town's Ordinances and prior litigation is

helpful.

        A Flora Cleaves owned a large piece of land in the Goose Rocks Beach section

of Kennebunk which was divided pursuant to a plan that was recorded in the York

County Registry of Deeds in 1949. In 1952 she conveyed some of the land to a John

Hanson who in turn conveyed in 1961 what the parties call the "Front Parcel" to

Roger and Jean Hanson and the "Rear Parcel" to Donald and Barbara Ewing. The

lots created by John Hanson differ from the lot boundaries contained in the 1949

Cleaves plan.

        In 1972 the Front and Rear Parcels came into common ownership where they

remained until 1994 when a successor common owner conveyed the Rear Parcel to

the Plaintiff.   In 1972 Kennebunkport adopted a zoning ordinance which was

revised in 1973 and 1974.

In 1994 the plaintiff applied for a sewer use connection permit which was denied by the Kennebunkport selectmen pursuant to the then effective Kennebunkport Sewer Use Ordinance which merged the Front and Rear Parcels because they were in common ownership when the Sewer Use Ordinance was adopted. That decision was affirmed by this Court on May 14, 1996 in *Powers v. Inhabitants of the Town of Kennebunkport*, CV-95-565. The restrictions on sewer hookups were removed when new treatment capacity became available in Kennebunkport.

On November 8, 2000 the plaintiff applied to the Kennebunkport Code Enforcement Officer for a building permit to build a single family home on his small very sub-standard lot. That request was denied and the denial was affirmed by the Town's Zoning Board of Appeals.

The first issue is whether the parcels, once merged for sewer purposes, remain merged for all purposes. The answer is no as the Sewer Use Ordinance did not require such a merger. The 1996 Superior Court decision did not decide this broader issue, the relevant state sub-surface water disposal statute found at 12 M.R.S.A. §4807-D requires mergers "for the purposes hereof" and not generally, and the Town's Zoning Ordinance does not require a full merger because a temporary merger for sewer purposes took place. It is correct that Section 6.1.A of the current ordinance says that no lot may be divided unless in conformity with the provisions of "this Ordinance". There was, however, no all purposes merger that occurred pursuant to the Sewer Ordinance. There is no improper division as the lots were not combined for Zoning Ordinance purposes.

The next issue is whether the 1972 ordinance with its 1973 and 1974 revisions created a merger which cannot be undone. See *Farley v. Town of Lyman*, 557 A.2d 197, 200-1 (Me. 1989) for the propositions that each ordinance must be carefully examined to determine precisely what it states and that if substandard lots are merged under the terms of an ordinance they cannot be separated into multiple non-conforming lots. The 1973 and 1974 amendments for Goose Rocks Beach, Section 7.D.1, created a 20,000 square foot minimum lot size which is more than the combined area of the Front and Rear Parcels. These amendments state that a too small lot that is in separate ownership before the effective date of the provisions can still be built upon. While it is reasonable to assume that multiple contiguous substandard lots in common ownership would have to be combined in some fashion, the Ordinance did not then have a merger provision.

An examination of the later merger provision in Kennebunkport and provisions in other towns show why a merger cannot be mandated without an ordinance or statute requiring it. First, the 1973-4 provisions do not state that substandard lots are merged. Second, what would be merged? Would only vacant lots be merged? Would vacant and built upon lots be merged? The 1973-4 provisions do not require that a merger take place.

The current merger provision, at Section 8.8 of the Zoning Ordinance, requires that two or more non-conforming vacant lots in common ownership as of March 12, 1985 be consolidated. However, since only the Rear Parcel was vacant as of March 12, 1985 this provision does not produce a merger. The Front Parcel had been built upon in 1971.

3

There are two remaining issues. The intervenors have suggested that a merger through use has occurred. There is no legal support presented for that doctrine. While it is not necessary to reach this issue, had the plaintiff's equitable estoppel issue been reached that claim would have been rejected as the affirmative claim, if even available as a matter of law, was not supported by the facts of this case.

The entry is:

> Judgment for the Plaintiff. Decision of the Kennebunkport Zoning Board of Appeals to affirm the denial of a building permit is reversed. Remanded to the Kennebunkport Zoning Board of Appeals with instructions to further remand to the Kennebunkport Code Enforcement Officer for issuance of a building permit.

Dated:     January *10*, 2002

Paul A. Fritzsche
Justice, Superior Court

PLAINTIFF POWERS
DURWARD PARKINSON ESQ
BERGEN & PARKINSON
62 PORTLAND RD
KENNEBUNK ME   04043-6658

DEFENDANT - KENNEBUNKPORT
NATALIE BURNS ESQ
JENSEN BAIRD GARDNER & HENRY
PO BOX 4510
PORTLAND ME   04112-4510

INTERVENORS JOSHI
RALPH W AUSTIN ESQ
WOODMAN & EDMANDS DANYLIK & AUSTIN
PO BOX 468
BIDDEFORD ME   04005-0468